# JUDGE SWEET

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GAMAL AHMED AND ASMAA AHMED,

Plaintiffs,

-against-

PILE FOUNDATIONS, INC., HPA ENGINEERS,
P.C. and ATLANTIC TOWING AND
SALVAGE, INC.,

Defendants.

**08 CV 4408**

**NOTICE OF REMOVAL**

**DOCKET #**

RECEIVED
MAY 0 9 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Defendants **HPA ENGINEERS, PC** hereby file this Notice of Removal of the above-described action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of Kings where the action is now pending and states:

1. This cause was commenced in the Supreme Court of New York on February 25, 2008 and process was served on the defendants on or about March 26, 2008 and a copy of plaintiffs' complaint setting forth the claim for relief upon which the action is based was first received by the defendants on April 16, 2008.

2. The action is a civil action for negligence and violations of the NY State Labor Law and the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties.

3. The matter in dispute exceeds $175,000.00 , exclusive of interest and costs.

4. At the time of the commencement of this action in state court, and since that time, the plaintiffs were, and are now, each citizens of New Jersey. The defendants, including HPA

Engineers, PC was, and still is/are, a corporation, incorporated and existing under and by virtue of the laws of New York having its principal place of business in New York County, NY. The defendant Pile Foundations, Inc at the time the action was commenced and at the present time, was and still is, a citizen of New York and has a principal place of business in Kings County, NY. The defendant Atlantic Towing and Salvage, Inc at the time the action was commenced and at the present time, was and still is, a citizen of New York and has a principal place of business in Suffolk County, NY.

5. A copy of all process, pleadings, and orders served upon Defendants is filed with this notice.

6. Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court of the State of New York, Kings County as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: New York, New York
      May 8, 2008

                              Respectfully submitted,

                              Law Offices of
                              CHARLES J. SIEGEL
                              Attorneys for Defendant
                              HPA ENGINEERS, P.C.
                              40 Wall Street, 7th Floor
                              New York, New York  10005

                              Peter E. Vairo (PEV 2972)

TO:    HOFMANN & ASSOCIATES
       Attorneys for Plaintiffs
       360 West 31st Street, Suite 1506
       New York, NY 10001
       212-465-8840
       File No. 06-66

CNC47EA834D51B1

*chay*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 5307/2008

-------------------------------------------------------------X

GAMAL AHMED and ASMAA AHMED

Plaintiff(s),

- against -

PILE FOUNDATIONS, INC., HPA ENGINEERS, P.C.
and ATLANTIC TOWING AND SALVAGE, INC.

Defendant(s).

-------------------------------------------------------------X

## AMENDED SUMMONS

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
Defendants residential address

Plaintiff resides at:
38 S. Broadway
Fairlawn, NJ 07410
County of BERGEN

To the above named Defendant(s): You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:         NEW YORK, NEW YORK
               February 25, 2008

HOFMANN & ASSOCIATES
*Attorneys for Plaintiff(s)*
360 West 31st Street, Suite 1506
New York, NY 10001
Tel: (212) 465-8840 .
Our File No. 06-66

TO:    PILE FOUNDATIONS, INC.
       1887 Ralph Avenue
       Brooklyn, NY 11234

       H.P.A. ENGINEERS, P.C.
       22 Cortland Street, 33rd Floor
       New York, NY 10007

       ATLANTIC TOWING AND SALVAGE, INC.
       1650 Sycamore Avenue, Ste 15
       Bohemia, NY 11716

CNC47EA834D51B1

HOFMANN & ASSOCIATES
*Attorneys for Plaintiff*
360 West 31ˢᵗ Street, Suite 1506
New York, NY 10001
Tel: (212) 465-8840

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x
GAMAL AHMED and ASMAA AHMED,                                    **AMENDED COMPLAINT**

      Plaintiff,

  -against-                                            **Index No. 5307/2008**

PILE FOUNDATIONS, INC., HPA ENGINEERS, P.C.
and ATLANTIC TOWING AND SALVAGE, INC.,

      Defendants,
---------------------------------------------------------------x

  Plaintiff, complaining of defendants, states upon personal knowledge and information and belief, as follows:

## GENERAL CONTENTIONS

1. Plaintiff is a resident of the State of New Jersey.

2. At all times herein mentioned defendant PILE FOUNDATIONS, INC. (hereinafter "PILE") was and is a domestic corporation, organized under the laws of the State of New York and doing business in the State of New York.

  At all times herein mentioned defendant PILE was a foreign corporation, doing business in the State of New York.

  At all times herein mentioned defendant HPA ENGINEERS, INC. (hereinafter "HPA") was and is a domestic corporation, organized under the laws of the State of New York and doing business in the State of New York.

5. At all times herein mentioned defendant HPA was a foreign corporation, doing business in the State of New York.

6. At all times herein mentioned defendant ATLANTIC TOWING AND SALVAGE, INC. (hereinafter "ATLANTIC") was and is a domestic corporation, organized under the laws of the State of New York and doing business in the State of New York.

CNC47EA834D5TBT

7.      1. At all times herein mentioned defendant ATLANTIC was a foreign corporation, doing business in the State of New York.

8.      On or about December 2, 2005 a construction and/or inspection and/or renovation project was on-going on certain property located in, about and/or adjacent to navigable waters surrounding the Throgs Neck Bridge, in the Bronx, New York; the said project or work site is referred to herein as the "Property" or the "Work Site".

9.      On or about December 2, 2005 the property was owned by the State of New York.

10.     On or about December 2, 2005 the property was owned by the City of New York.

11.     On or about December 2, 2005 the property was being renovated pursuant to contract.

12.     On or before December 2, 2005 defendant PILE contracted with the owner of certain real property or with legal representatives of the owners of certain property as further described herein, located on navigable waters adjacent to the Throgs Neck Bridge, Bronx, New York, to provide services as a general contractor on a construction / rehabilitation project of the Throgs Neck Bridge.

13.     On or before December 2, 2005 defendant HPA contracted with the owner of certain real property or with legal representatives of the owners of certain property as further described herein, located on navigable waters adjacent to the Throgs Neck Bridge, Bronx, New York, to provide services as a general contractor on a construction / rehabilitation project of the Throgs Neck Bridge.

14.     On or before December 2, 2005 defendant ATLANTIC contracted with the owner of certain real property or with legal representatives of the owners of certain property as further described herein, located on navigable waters adjacent to the Throgs Neck Bridge, Bronx, New York, to provide services as a general contractor on a construction / rehabilitation project of the Throgs Neck Bridge.

15.     On or before December 2, 2005 defendant PILE owned, operated and/or controlled a barge (hereinafter "the Barge"), moored under the Throgs Neck Bridge, in the waters of

2

CNC47EA834D51B1

the Long Island Sound between Bronx New York and Queens, New York.

16. On or before December 2, 2005 the barge was being utilized by the defendants as a work platform within the definition found in the Labor Law of the State of New York.

17. On or before December 2, 2005 the barge was being utilized by the plaintiff as a work platform within the definition found in the Labor Law of the State of New York.

18. On or at some point in time before December 2, 2005 PILE contracted with a company called Haider Engineering, P.C. (hereinafter "Haider") to provide services at the subject location which included, but were not limited to, inspection and evaluation work.

19. On or at some point in time before December 2, 2005 HPA contracted with Haider Engineering, P.C. to provide services at the subject location which included, but were not limited to, inspection and evaluation work.

20. On or at some point in time before December 2, 2005 ATLANTIC contracted with Haider Engineering, P.C. to provide services at the subject location which included, but were not limited to, inspection and evaluation work.

21. On or at some point in time before December 2, 2005 an unknown entity contracted with Haider Engineering, P.C. to provide services at the subject location which included, but were not limited to, inspection and evaluation work.

22. As of December 2, 2005, the above-referred contract between PILE and Haider was in full force and effect.

23. As of December 2, 2005, the above-referred contract between HPA and Haider was in full force and effect.

24. As of December 2, 2005, the above-referred contract between ATLANTIC and Haider was in full force and effect.

25. On December 2, 2005 Haider pursuant to its contract with PILE, was performing work at the Property.

26. On December 2, 2005 Haider pursuant to its contract with HPA, was performing work at

3

CNC47EA834D51B1

the Property.

27. On December 2, 2005 Haider pursuant to its contract with ATLANTIC, was performing work at the Property.

28. On December 2, 2005, plaintiff GAMAL AHMED, was in the employ of Haider.

29. On December 2, 2005, plaintiff GAMAL AHMED was assigned to and lawfully was performing work upon the subject location.

30. On or at some point in time before December 2, 2005 defendant PILE owned, controlled and/or operated a vessel that was being utilized at the Property by laborers and other workers and trades at the work site, to ferry workers from the mainland to the barge.

31. On or at some point in time before December 2, 2005 defendant ATLANTIC owned, controlled and/or operated a vessel that was being utilized at the Property by laborers and other workers and trades at the work site, to ferry workers from the mainland to the barge.

32. On or at some point in time before December 2, 2005 defendant HPA owned, controlled and/or operated a vessel that was being utilized at the Property by laborers and other workers and trades at the work site, to ferry workers from the mainland to the barge.

33. On or at some point in time on or before December 2, 2005 defendant PILE contracted with defendant ATLANTIC to provide services at the subject location which included, but were not limited to, the ferrying of workers back and forth from and to the work location.

34. On or at some point in time on or before December 2, 2005 defendant PILE contracted with defendant HPA ENGINEERS, INC. to provide services at the subject location which included, but were not limited to, the ferrying of workers back and forth from and to the work location.

35. On or at some point in time on or before December 2, 2005 defendant HPA contracted with defendant ATLANTIC to provide services at the subject location which included, but were not limited to, the ferrying of workers back and forth from and to the work

4

CNC47BA834D51B1

location.

36.    At all relevant times hereinafter mentioned, PILE was a "general contractor" with respect to the Property and any structures or vessel thereon within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

37.    At all relevant times hereinafter mentioned, PILE was a "contractor" with respect to the Property and the structures and vessels thereon, within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

38.    At all relevant times hereinafter mentioned, HPA was a "general contractor" with respect to the Property and any structures or vessel thereon within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

39.    At all relevant times hereinafter mentioned, HPA was a "contractor" with respect to the Property and the structures and vessels thereon, within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

40.    At all relevant times hereinafter mentioned, ATLANTIC was a "general contractor" with respect to the Property and any structures or vessel thereon within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

41.    At all relevant times hereinafter mentioned, ATLANTIC was a "contractor" with respect to the Property and the structures and vessels thereon, within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York.

42.    At all relevant times herein mentioned plaintiff was, with respect to the Property, a "person employed therein or lawfully frequenting such places" within the meaning of sections 200, 240 and 241 of the Labor Law of the State of New York and, in all other respects, lawfully at the Property.

43.    On or at some point in time on or before December 2, 2005 a vessel was used by the various contractors, subcontractors and workers at the Property to go back and forth between the mainland and the work barge.

5

CNC47EA834D51B1

## AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT PILE

44.  Plaintiff repeats and re-alleges each of the previous paragraphs numbered "1" to "43" as if fully set forth herein at length.

45.  On or about December 2, 2005, PILE owned the Property.

46.  On or about December 2, 2005, PILE operated the Property.

47.  On or about December 2, 2005, PILE managed the Property.

48.  On or about December 2, 2005, PILE controlled the Property.

49.  On or about December 2, 2005, PILE possessed the Property.

50.  On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) owned and/or operated and/or controlled by defendant PILE, onto a vessel owned and/or operated and/or controlled by co-defendants ATLANTIC, he was caused to fall and severely and permanently injure himself.

51.  On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) onto a vessel to be ferried to the mainland, he was caused to fall and severely and permanently injure himself.

52.  On December 2, 2005, plaintiff suffered serious and permanent injuries while in the course of his employment.

53.  The accident occurred while plaintiff was working upon a structure within the meaning of Labor Law sections 200, 240 and 241, located on the Property.

54.  Defendants PILE failed to supply or provide ladders, proper platforms or any other devices enumerated within Labor Law § 240(1), Rule 23 of the New York State Industrial Code and all other applicable rules and regulations of the United States and the State of New York, by consensual industry standards and by the common law.

55.  The failures described more fully above and herein, including but not limited to the failure to provide the plaintiff with proper safety equipment, ladders, scaffolds and protection

6

CNC47EA834D51B1

from the hazards associated with gravity-related work proximately caused the plaintiff's injuries.

56. The injuries to the plaintiff were caused by the negligence of the defendants, their employees, agents, assignees or successors in interest and by their breach of common law and statutory duties including but not limited to the breach of provisions, sections and sub-sections of Labor Law sections 200, 240 and 241 and the provisions of the Industrial Code promulgated and administered by the New York State Department of Labor, through negligence under the common and maritime law, and by the breach of other statutes, rules and regulations as further discovery may provide.

57. The defendants were negligent and their agents, servants and employees were careless, reckless and negligent, in that they permitted and allowed the Property to be dangerous, failed to provide the various protective appliances, devices and equipment (including but not limited to ladders and scaffolding), as required by law, failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the Property, failed to provide adequate protections to plaintiff, despite their knowledge of the existence of hazards and/or dangers at the subject location and specifically at the location of the plaintiff's accident; they failed to provide adequate personnel and equipment given the reasonable foreseeability of harm to plaintiff; they failed to provide a safe place and means to perform the work assigned to plaintiff; they failed to warn plaintiff of the hazards attendant to his employment; they failed to exercise that degree of care which a reasonably prudent person would have exercised in like circumstances; failed to provide safe egress and ingress to and from the work-site; and defendants were otherwise careless, reckless and negligent in their maintenance, operation, securing, ownership, possession and control of the Property; and are otherwise strictly liable for plaintiffs' injuries pursuant to the violation of the New York Labor Law.

7

CNC47EA834D51B1

58.   By reason of the negligence of the defendants, and their breach of their non-delegable duties to him, plaintiff's muscles, nerves, blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to his back; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

59.   Under the maritime law, it was the duty of PILE to furnish plaintiff with a safe place in which to work and with safe gear, appurtenances, equipment, a properly manned vessel and to conduct operations aboard the vessel in a safe and proper manner; additionally, in light of the improper manning, provisioning and operation PILE was negligent, careless and reckless at the time of the incident in question.

60.   By reason of the foregoing plaintiff claims damages in an amount in excess of all jurisdictional limits, for pain and suffering, past and future lost wages and benefits, medical bills and expenses, and all other damages reasonably flowing from the accident herein, as the trier of fact deems just and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AS AGAINST DEFENDANT HPA ENGINEERS, INC.

61.   Plaintiff repeats and re-alleges each of the previous paragraphs numbered "1" to "60" as if fully set forth herein at length.

8

CNC47EA834D51B1

62. On or about December 2, 2005, HPA owned the Property.

63. On or about December 2, 2005, HPA operated the Property.

64. On or about December 2, 2005, HPA managed the Property.

65. On or about December 2, 2005, HPA controlled the Property.

66. On or about December 2, 2005, HPA possessed the Property.

67. On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) owned and/or operated and/or controlled by defendant PILE, onto a vessel owned and/or operated and/or controlled by co-defendants ATLANTIC, he was caused to fall and severely and permanently injure himself.

68. On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) onto a vessel to be ferried to the mainland, he was caused to fall and severely and permanently injure himself.

69. On December 2, 2005, plaintiff suffered serious and permanent injuries while in the course of his employment.

70. The accident occurred while plaintiff was working upon a structure within the meaning of Labor Law sections 200, 240 and 241, located on the Property.

71. Defendants HPA failed to supply or provide ladders, proper platforms or any other devices enumerated within Labor Law § 240(1), Rule 23 of the New York State Industrial Code and all other applicable rules and regulations of the United States and the State of New York, by consensual industry standards and by the common law.

72. The failures described more fully above and herein, including but not limited to the failure to provide the plaintiff with proper safety equipment, ladders, scaffolds and protection from the hazards associated with gravity-related work proximately caused the plaintiff's injuries.

73. The injuries to the plaintiff were caused by the negligence of the defendants, their

9

CNC47EA834D51B1

employees, agents, assignees or successors in interest and by their breach of common law and statutory duties including but not limited to the breach of provisions, sections and sub-sections of Labor Law sections 200, 240 and 241 and the provisions of the Industrial Code promulgated and administered by the New York State Department of Labor, through negligence under the common and maritime law, and by the breach of other statutes, rules and regulations as further discovery may provide.

74.    The defendants were negligent and their agents, servants and employees were careless, reckless and negligent, in that they permitted and allowed the Property to be dangerous, failed to provide the various protective appliances, devices and equipment (including but not limited to ladders and scaffolding), as required by law, failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the Property; failed to provide adequate protections to plaintiff, despite their knowledge of the existence of hazards and/or dangers at the subject location and specifically at the location of the plaintiff's accident; they failed to provide adequate personnel and equipment given the reasonable foreseeability of harm to plaintiff; they failed to provide a safe place and means to perform the work assigned to plaintiff;  they failed to warn plaintiff of the hazards attendant to his employment; they failed to exercise that degree of care which a reasonably prudent person would have exercised in like circumstances; failed to provide safe egress and ingress to and from the work-site; and defendants were otherwise careless, reckless and negligent in their maintenance, operation, securing, ownership, possession and control of the Property; and are otherwise strictly liable for plaintiffs' injuries pursuant to the violation of the New York Labor Law.

75.    By reason of the negligence of the defendants, and their breach of their non-delegable duties to him, plaintiff's muscles, nerves, blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to

10

his back; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

76. Under the maritime law, it was the duty of HPA to furnish plaintiff with a safe place in which to work and with safe gear, appurtenances, equipment, a properly manned vessel and to conduct operations aboard the vessel in a safe and proper manner; additionally, in light of the improper manning, provisioning and operation PILE was negligent, careless and reckless at the time of the incident in question.

77. By reason of the foregoing plaintiff claims damages in an amount in excess of all jurisdictional limits, for pain and suffering, past and future lost wages and benefits, medical bills and expenses, and all other damages reasonably flowing from the accident herein, as the trier of fact deems just and equitable.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AS AGAINST DEFENDANT ATLANTIC TOWING AND SALVAGE, INC.





78. Plaintiff repeats and re-alleges each of the previous paragraphs numbered "1" to "77" as if fully set forth herein at length.

79. On or about December 2, 2005, ATLANTIC owned the Property.

80. On or about December 2, 2005, ATLANTIC operated the Property.

81. On or about December 2, 2005, ATLANTIC managed the Property.

11

82. On or about December 2, 2005, ATLANTIC controlled the Property.

83. On or about December 2, 2005, ATLANTIC possessed the Property.

84. On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) owned and/or operated and/or controlled by defendant PILE, onto a vessel owned and/or operated and/or controlled by co-defendants ATLANTIC, he was caused to fall and severely and permanently injure himself.

85. On December 2, 2005, while plaintiff was in the lawful course of his employment, and as he descended from a floating platform (barge) onto a vessel to be ferried to the mainland, he was caused to fall and severely and permanently injure himself.

86. On December 2, 2005, plaintiff suffered serious and permanent injuries while in the course of his employment.

87. The accident occurred while plaintiff was working upon a structure within the meaning of Labor Law sections 200, 240 and 241, located on the Property.

88. Defendants ATLANTIC failed to supply or provide ladders, proper platforms or any other devices enumerated within Labor Law § 240(1), Rule 23 of the New York State Industrial Code and all other applicable rules and regulations of the United States and the State of New York, by consensual industry standards and by the common law.

89. The failures described more fully above and herein, including but not limited to the failure to provide the plaintiff with proper safety equipment, ladders, scaffolds and protection from the hazards associated with gravity-related work proximately caused the plaintiff's injuries.

90. The injuries to the plaintiff were caused by the negligence of the defendants, their employees, agents, assignees or successors in interest and by their breach of common law and statutory duties including but not limited to the breach of provisions, sections and sub-sections of Labor Law sections 200, 240 and 241 and the provisions of the Industrial

12

CNC47EA834D51B1

Code promulgated and administered by the New York State Department of Labor, through negligence under the common and maritime law, and by the breach of other statutes, rules and regulations as further discovery may provide.

91.  The defendants were negligent and their agents, servants and employees were careless, reckless and negligent, in that they permitted and allowed the Property to be dangerous, failed to provide the various protective appliances, devices and equipment (including but not limited to ladders and scaffolding), as required by law, failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the Property, failed to provide adequate protections to plaintiff, despite their knowledge of the existence of hazards and/or dangers at the subject location and specifically at the location of the plaintiff's accident; they failed to provide adequate personnel and equipment given the reasonable foreseeability of harm to plaintiff; they failed to provide a safe place and means to perform the work assigned to plaintiff;  they failed to warn plaintiff of the hazards attendant to his employment; they failed to exercise that degree of care which a reasonably prudent person would have exercised in like circumstances; failed to provide safe egress and ingress to and from the work-site; and defendants were otherwise careless, reckless and negligent in their maintenance, operation, securing, ownership, possession and control of the Property; and are otherwise strictly liable for plaintiffs' injuries pursuant to the violation of the New York Labor Law including but not limited to Labor Law sections 200, 240 and 241.

92.  By reason of the negligence of the defendants, and their breach of their non-delegable duties to him, plaintiff's muscles, nerves, blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to his back; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he

13

CNC47EA834D51B1

sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

93. Under maritime law, it was the duty of ATLANTIC to furnish plaintiff with a safe place in which to work and with safe gear, appurtenances, equipment, a properly manned vessel and to conduct operations aboard the vessel in a safe and proper manner; additionally, in light of the improper manning, provisioning and operation ATLANTIC was negligent, careless and reckless at the time of the incident in question.

94. By reason of the foregoing plaintiff claims damages in an amount in excess of all jurisdictional limits, for pain and suffering, past and future lost wages and benefits, medical bills and expenses, and all other damages reasonably flowing from the accident herein, as the trier of fact deems just and equitable.

## AS AND FOR A FORTH CAUSE OF ACTION AGAINST DEFENDANTS
### GENERAL NEGLIGENCE

95. Plaintiff repeats and re-alleges each of the previous paragraphs numbered "1" to "94" as if fully set forth herein at length.

96. On December 2, 2005 the plaintiff was employed by Haider as an engineer.

97. On or about December 2, 2005 Haider was a bridge inspection company certified by the State of New York.

98. On December 2, 2005 the plaintiff, in furtherance of his assigned duties, worked at the on a vessel in navigable waters, in the vicinity of the Throgs Neck Bridge, Bronx New

14

York.

99. On or before December 2, 2005, Haider was retained by defendant PILE to perform inspection work at the loss location.

100. On or before December 2, 2005, Haider was retained by defendant HPA to perform inspection work at the loss location.

101. On or before December 2, 2005, Haider was retained by defendant ATLANTIC to perform inspection work at the loss location.

102. On December 2, 2005, plaintiff was assigned to and lawfully was performing work upon the subject location.

103. On December 2, 2005, plaintiff suffered serious and permanent injuries while in the course of his employment.

104. The injuries to the plaintiff were caused by the negligence of the defendants, their employees, agents, assignees or successors in interest and by their breach of common law and statutory duties including but not limited to the breach of provisions, sections and sub-sections of Labor Law sections 200, 240 and 241 and the provisions of the Industrial Code promulgated and administered by the New York State Department of Labor, through negligence under the common and maritime law, and by the breach of other statutes, rules and regulations as further discovery may provide.

105. The defendants were negligent and their agents, servants and employees were careless, reckless and negligent, in that they permitted and allowed the Property to be dangerous, failed to provide the various protective appliances, devices and equipment (including but not limited to ladders and scaffolding), as required by law, failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the Property, failed to provide adequate protections to plaintiff, despite their knowledge of the existence of hazards and/or dangers at the subject location and specifically at the location of the plaintiff's accident; they

15

CNC47EA834D51B1

failed to provide adequate personnel and equipment given the reasonable foreseeability of harm to plaintiff; they failed to provide a safe place and means to perform the work assigned to plaintiff; they failed to warn plaintiff of the hazards attendant to his employment; they failed to exercise that degree of care which a reasonably prudent person would have exercised in like circumstances; and defendants were otherwise careless, reckless and negligent in their maintenance, operation, securing, ownership, possession and control of the Property; failed to provide safe egress and ingress to and from the work-site; and are otherwise strictly liable for plaintiffs' injuries pursuant to the violation of the New York Labor Law.

106.    By reason of the negligence of the defendants, and their breach of their non-delegable duties to him, plaintiff's muscles, nerves, blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to his back; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

107.    By reason of the foregoing plaintiff claims damages in an amount in excess of all jurisdictional limits, for pain and suffering, past and future lost wages and benefits, medical bills and expenses, and all other damages reasonably flowing from the accident

16

CNC47EA834D51B1

herein, as the trier of fact deems just and equitable.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS LOSS OF CONSORTIUM

108. Plaintiff repeats and re-alleges each of the previous paragraphs numbered "1" to "107" as if fully set forth herein at length.

109. On December 2, 2005, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe condition of the vessel, and the negligence of the defendants, jointly and severally, was caused to sustain the serious injuries more specifically set forth hereunder.

110. On December 2, 2005, plaintiff, in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in the furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

111. The defendant had a non-delegable duty to provide plaintiff a safe place to work.

112. Plaintiff's injuries were caused by the negligence of the defendant, by its agents, servants, workmen and employees and by the defendant's breach of its obligation to provide prompt and adequate medical care and treatment.

113. By reason of the negligence of the defendants, and their breach of their non-delegable duties to him, plaintiff's muscles, nerves, blood vessels and internal workings thereof were severely injured, the full extent of which is not yet known; he sustained an injury to his back; he sustained injury, shock and trauma to his body, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his

17

injuries and disfigurement; and he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; he has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

114.    By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

115.    By reason of the foregoing plaintiff was unable to pursue his ordinary course of employment and claims lost wages for the period of time he was unable to fully continue working.

WHEREFORE, plaintiff demands judgment in an amount in excess of all jurisdictional limits on each of the above causes of action, together with such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
February 25, 2008

HOFMANN & ASSOCIATES
*Attorneys for Plaintiff(s)*

By:

Dario Anthony Chinigo
360 West 31st Street, Suite 1506
New York, NY 10001
212-465-8840

18

CNC47EA834D51B1

## ATTORNEY'S VERIFICATION

DARIO ANTHONY CHINIGO, an attorney admitted to practice law in the Courts of the State of New York, states the following:

That deponent is a member of the firm of HOFMANN & ASSOCIATES, attorneys of record for the plaintiff in the within action;

That deponent has read the foregoing AMENDED COMPLAINT and knows the contents thereof; that the same is true to deponent's knowledge, except as to the matters deponent therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.  Deponent further says that the reason this verification is made by deponent and not by plaintiff is said plaintiff is outside the County wherein deponent maintains his offices.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      February 25, 2008

Dario Anthony Chinigo

19